ILND (Rev. 09/11) Amended Judgment in a Criminal Case (NOTE: Identify Changes with Asterisks (*))
AO245C  Sheet 1

# UNITED STATES DISTRICT COURT
### Northern District of Illinois

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Isaac Myles | Case Number: 10 CR 647 - 1 |
| | USM Number: 42504 - 424 |
| Date of Original Judgment: 1/30/2014 | Beau B. Brindley |
| (Or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**
☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
X Modification to include the final order of forfeiture.

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court  ☐ 28 U.S.C. § 2255 or
   ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
X pleaded guilty to count(s)  count four of the superseding indictment.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
X was found guilty on count(s)  counts one and two of the of the superseding indictment. after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. Sec. 922 | Felon in possession of a firearm | 12/16/09 | One |
| 21 U.S.C. Sec. 841(a)(1) | Distribution of a controlled substance | 12/16/09 | Two |
| 18 U.S.C. Sec. 922 | Felon in possession of a firearm | 12/16/09 | Four |

The defendant is sentenced as provided in pages 2  2  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. **Other than the amendments or modifications stated in this judgment, the judgment previously entered shall stand. (See attachments)**

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/11/2014
Date of Imposition of Judgment

/s/ John W. Darrah
Signature of Judge

John W. Darrah, U.S. District Court Judge
Name and Title of Judge

2/13/2014
Date

Case: 1:10-cr-00647 Document #: 184 Filed: 02/13/14 Page 2 of 11 PageID #:1001

AO 245C (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 6B — Schedule of Payments (NOTE: Identify Changes with Asterisks (*))

Judgment—Page 2 of 2

DEFENDANT: Isaac Myles
CASE NUMBER: 10 CR 647 - 1

# ADDITIONAL FORFEITED PROPERTY

* See attached final order of forfeiture.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ISAAC MYLES | 10 CR 647<br><br>Judge John W. Darrah |

### FINAL ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a final order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Fed. R. Crim. P. 32.2 and the Court being fully informed hereby finds as follows:

(a)     On April 7, 2011, a superseding indictment was returned charging defendant ISAAC MYLES with illegally possessing a firearm in violation of 18 U.S.C. § 922(g)(1), among other violations;

(b)     The superseding indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c);

(c)     On August 20, 2012, pursuant to Fed. R. Crim. P. 11, defendant ISAAC MYLES entered a guilty plea to Count Four of the superseding indictment charging him with a violation of 18 U.S.C. § 922(g)(1), thereby making one .45 caliber Charles Daly semi-automatic handgun, Model KBI-MBG, bearing serial number CD801957,

seven rounds of .45 caliber ammunition, and a .45 caliber Charles Daly semi-automatic handgun ammunition clip subject to forfeiture pursuant to Section 924(d)(1) of Title 18, which provides, in part:

> (d)(1) Any firearm or ammunition involved in or used in any knowing violation of [the offense of possessing a firearm after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year;]...shall be subject to seizure and forfeiture, as the result of such violation.

(d) Beginning on August 20, 2012, a jury trial was held before this Court;

(e) On August 22, 2012, the jury returned a verdict of guilty against defendant ISAAC MYLES on Counts One and Two of the superseding indictment, thereby making a .22 caliber RG industry revolver, model RG14, bearing serial number L593071 and six rounds of .22 caliber ammunition subject to forfeiture pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c);

(f) Defendant ISAAC MYLES waived his right to have the forfeiture allegations in the superseding indictment considered by the jury. It was agreed instead that this Court would consider the issues relating to the forfeiture of the .22 caliber RG industry revolver, model RG14, bearing serial number L593071 and six rounds of .22 caliber ammunition;

(g) On September 14, 2012, this Court entered a preliminary order of forfeiture forfeiting any interest defendant ISAAC MYLES had in the aforementioned property, and directing the Bureau of Alcohol, Tobacco, Firearms and Explosives to seize and take custody of the property. Additionally, the United

2

States was ordered to publish notice of its intention to forfeit the property and to dispose of the property according to law;

(h) Pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), beginning on September 22, 2012 and continuing for at least 30 consecutive days, notice of the criminal forfeiture was posted on an official government internet site;

(i) The Preliminary Order of Forfeiture was served pursuant to the district court's ECF system as to ECF filers. Pursuant to the provisions of 21 U.S.C. 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), no other parties are known to have an interest in the property, and accordingly, no other parties were served with a copy of the notice of forfeiture and the preliminary order of forfeiture;

(j) To date, no petitions have been filed requesting a hearing to adjudicate any interest in the foregoing property, and the time in which to file a request for a hearing has expired.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2, all right title and interest of defendant ISAAC MYLES and any third party in the foregoing property is hereby forfeit to the United States of America for disposition according to law;

2. That, pursuant to the provisions of 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the entry of this order, the United

States shall have clear title to the foregoing property, and shall dispose of it according to law;

3.  That, this Court shall retain jurisdiction over this matter to take any additional action and enter further orders as necessary to implement and enforce this forfeiture order.

_____
JOHN W. DARRAH
United States District Judge

DATED: 2/11/14

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Illinois, Eastern Division

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Isaac Myles | ) | Case Number: 10 CR 647 - 1 |
| | ) | USM Number: 42504 - 424 |
| | ) | Beau B. Brindley |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)    count four of the superseding indictment.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

X was found guilty on count(s)    counts one and two of the of the superseding indictment. after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. Sec. 922 | Felon in possession of a firearm | 12/16/2009 | One |
| 21 U.S.C. Sec. 841(a)(1) | Distribution of a controlled substance | 12/16/2009 | Two |
| 18 U.S.C. Sec. 922 | Felon in possession of a firearm | 12/16/2009 | Four |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X The defendant has been found not guilty on count(s)    three.

X Count(s)    the original indictment    X is    ☐ are    dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/30/2014
Date of Imposition of Judgment

_(signature)_
Signature of Judge

John W. Darrah, U.S. District Court Judge
Name and Title of Judge

2/4/2014
Date

Judgment — Page 2 of 5

DEFENDANT: Isaac Myles
CASE NUMBER: 10 CR 647 - 1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

180 months on count two and 120 months on counts one and four, to run concurrently. The costs of imprisonment are waived.

X   The court makes the following recommendations to the Bureau of Prisons:

The defendant shall be placed at a Bureau of Prisons facility near Chicago, Illinois.
The defendant shall participate in a residential treatment program for substance abuse (RDAP).

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 3 of 5

DEFENDANT: Isaac Myles
CASE NUMBER: 10 CR 647 - 1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 6 years on count two and 3 years on counts one and four to run concurrently. The costs of supervised release are waived. The defendant shall participate in a drug and alcohol aftercare treatment program as directed by the probation office.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court and at the discretion of the United States Probation Office, not to exceed 104 tests per year.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment — Page 4 of 5

DEFENDANT: Isaac Myles
CASE NUMBER: 10 CR 647 - 1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 300.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

TOTALS  $ _____  $ _____

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Isaac Myles  
CASE NUMBER: 10 CR 647 - 1

Judgment — Page 5 of 5

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or  
    ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.