# UNITED STATES DISTRICT COURT
## Northern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** <br> (For **Revocation** of Probation or Supervised Release) |
| v. | Case Number: **1:10-CR-00647(1)** <br> USM Number: **42504-424** |
| **ISAAC MYLES** | **Keri A Ambrosio** <br> Defendant's Attorney |

**THE DEFENDANT:**

☒ admitted guilt to violation of condition(s)           of the term of supervision.

☐ was found in violation of condition(s)           after a denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | The defendant shall not commit another federal, state, or local crime. | 1/9/2020 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s)           and is discharged as to such violation(s) condition.

☐ Count(s)           dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec.: **5463**

Defendant's Year of Birth: **1969**

City and State of Defendant's Residence: **Chicago, Illinois**

**June 29, 2022**
Date of Imposition of Judgment

*/s/ Matthew F. Kennelly*
Signature of Judge

**Matthew F. Kennelly, United States District Judge**
Name and Title of Judge

6-30-2022
Date

DEFENDANT: ISAAC MYLES
CASE NUMBER: 1:10-CR-00647(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: Twenty-one (21) months as to violation no. one (1). The term of imprisonment is to run concurrently with the term of supervised release that was ordered by Judge Guzman on case 20 CR 21, USA v. Myles.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ☐ a.m. ☐ p.m. on

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:_____
_____
_____

Defendant delivered on _____ to _____ at _____,
with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

ILND 245D (Rev. 03/12/2020) Judgment in a Criminal Case for Revocation
Sheet 3 – Supervised Release                                                                                                               Judgment – Page 3 of 8

DEFENDANT: ISAAC MYLES
CASE NUMBER: 1:10-CR-00647(1)

## MANDATORY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3583(d)

Upon release from imprisonment, you shall be on supervised release for a term of:
Five (5) years at to violation no. one (1). The term of supervised release is to run concurrently with the term of supervised release that was ordered by Judge Guzman on case 20 CR 21, USA v. Myles.

      The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall not commit another Federal, State, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is required by law.

4. The defendant shall refrain from any unlawful use of a controlled substance AND submit to one drug test within 15 days of release on supervised release and at least two periodic tests thereafter, up to 104 periodic tests for use of a controlled substance during each year of supervised release.

## DISCRETIONARY CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C § 3563(b) AND 18 U.S.C § 3583(d)

**Discretionary Conditions** — The court orders that you abide by the following conditions during the term of supervised release because such conditions are reasonably related to the factors set forth in **§ 3553(a)(1)** and **(a)(2)(B), (C), and (D);** such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in **§ 3553 (a)(2) (B), (C), and (D)**; and such conditions are consistent with any pertinent policy statement issued by the Sentencing Commission pursuant to **28 U.S.C. 994a**.
The court imposes those conditions identified below:

**During the period of supervised release:**

1. The defendant shall seek, and work conscientiously at, lawful employment or, if he is not gainfully employed, the defendant shall pursue conscientiously a course of study or vocational training that will equip you for employment.

2. The defendant shall not knowingly meet or communicate with any person whom he knows to be engaged, or planning to be engaged, in criminal activity and shall not knowingly meet or communicate with the following persons: Office A.

3. The defendant shall refrain from any excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%;), and from any use of a narcotic drug or other controlled substance, as defined in § 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner.

4. The defendant shall not possess a firearm, destructive device, or other dangerous weapon.

5. The defendant shall participate, at the direction of a probation officer, in a substance abuse treatment program, which may include urine testing up to a maximum of 104 tests per year.

6. The defendant shall participate, at the direction of a probation officer, in a mental health treatment program, and shall take any medications prescribed by the mental health treatment provider.

7. The defendant shall not knowingly leave from the federal judicial district where he is being supervised, unless granted permission to leave by the court or a probation officer. The geographic area of the Northern District of Illinois currently consists of the Illinois counties of Cook, DuPage, Grundy, Kane, Kendall, Lake, LaSalle, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, McHenry, Ogle, Stephenson, Whiteside, and Winnebago.

8. The defendant shall report to the probation office in the federal judicial district to which he is released within 72 hours of his release from imprisonment. The defendant shall thereafter report to a probation officer at reasonable times as directed by the court or a probation officer.

9. The defendant shall permit a probation officer to visit the defendant at any reasonable time at home or any other reasonable location that the probation officer may enter by right or consent. The defendant shall permit confiscation of any contraband observed in plain view of the probation officers.

9. The defendant shall notify a probation officer within 72 hours, after becoming aware of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer. The defendant shall answer truthfully any inquiries by a probation officer, subject to any constitutional or other legal privilege.

10. The defendant shall notify a probation officer within 72 hours if after being arrested, charged with a crime, or questioned by a law enforcement officer.

11. The defendant shall satisfy such other special conditions as ordered below.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE PURSUANT TO 18 U.S.C. 3563(b)(22) and 3583(d)

The court imposes those conditions identified below:

**During the term of supervised release:**

1. The defendant shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 400 hours.

2. The defendant shall provide a probation officer with access to any requested financial information requested by the probation officer to monitor compliance with conditions of supervised release.

3. The defendant shall participate in a sex offender treatment program. The specific program and provider will be determined by a probation officer. The defendant shall comply with all recommended treatment which may include psychological and physiological testing. The defendant shall maintain use of all prescribed medications.

4. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior permission of the Court.

Case: 1:10-cr-00647 Document #: 256 Filed: 06/30/22 Page 5 of 6 PageID #:1700

ILND 245D (Rev. 03/12/2020) Judgment in a Criminal Case for Revocation  
Sheet 5 – Criminal Monetary Penalties  
Judgment – Page 7 of 8

DEFENDANT: ISAAC MYLES  
CASE NUMBER: 1:10-CR-00647(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $.00 | $.00 | $.00 | $.00 | $.00 |

☐ The determination of restitution is deferred until An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.  
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.  
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case: 1:10-cr-00647 Document #: 256 Filed: 06/30/22 Page 6 of 6 PageID #:1701

ILND 245D (Rev. 03/12/2020) Judgment in a Criminal Case for Revocation
Sheet 6 – Schedule of Payments
Judgment – Page 8 of 8

DEFENDANT: ISAAC MYLES
CASE NUMBER: 1:10-CR-00647(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payments of $ _____ due immediately, balance due

☐ not later than _____ , or

☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

**See special condition of supervision regarding restitution, as if set forth in full.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee, if<br>Appropriate |
|---|---|---|---|

**See above for Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.**

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.